UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| KATHY JUANITA REAVES, ) | Civil Action No. 4:22-cv-0639-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| CPL. CHARLES M. DICKENS, ) | |
| Individually; SOUTH CAROLINA ) | |
| HIGHWAY PATROL; SOUTH ) | |
| CAROLINA LAW ENFORCEMENT ) | |
| DIVISION; SOUTH CAROLINA ) | |
| DEPARTMENT OF MOTOR VEHICLES; ) | |
| SOUTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY; MARLBORO ) | |
| COUNTY DETENTION CENTER; and ) | |
| COUNTY OF MARLBORO, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, who is proceeding pro se in this matter, originally filed this action in the Marlboro County Court of Common Pleas alleging causes of action for false arrest and malicious prosecution pursuant to 42 U.S.C. § 1983 as well as several state law claims. Defendant Cpl. Charles M. Dickens removed the action to this court. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

Both this action and a second action[1] were filed by Plaintiff in state court and removed to this court by Defendants. In addition, Plaintiff has also filed six other cases that are currently pending

---

[1] Reaves v. Crews, et al, 3:22-cv-0732-TLW-TER

in this court.² Of the eight cases currently pending before this court, several of them arise out of a police report regarding Plaintiff in Georgia that was allegedly erroneously entered as a felony arrest warrant, which subsequently led to an arrest following a traffic stop in South Carolina as well as a hold placed on her application for a teacher certification in South Carolina. Specifically in this case, Plaintiff alleges causes of action for false arrest and imprisonment, malicious prosecution, and defamation. She alleges that Defendant Cpl. Dickens, a highway patrol officer with Defendant South Carolina Highway Patrol, arrested her on November 19, 2021, based on an out-of-state warrant from the Richmond County, Georgia Sheriff's Office. Compl. ¶¶ 8, 17, 22 (ECF No. 1-1). As a result, she was transferred to the Marlboro County Detention Center. Compl. ¶ 27. Plaintiff was held in custody for over fourteen hours and was told that the Richmond County Sheriff's Office was on the way to pick her up. Compl. ¶¶ 29-30. Because no one from the Richmond County Sheriff's Office ever arrived to pick her up, she was released from custody. Compl. ¶ 30.

Plaintiff has filed numerous motions in this action. The undersigned notes from the outset that many of these motions refer to claims and/or Defendants not present in this action. The Defendants named in this action are Cpl. Charles M. Dickens, South Carolina Highway Patrol, South Carolina Law Enforcement Division, South Carolina Division of Motor Vehicles, South Carolina Department of Public Safety, and County of Marlboro.³ Each motion is discussed in turn.

- **Plaintiff's Motion for Perjury Against Defendant Mark Keel and Attorney Scott Kozacki (ECF No. 20);**

Mark Keel is not a Defendant in this action. Further, Plaintiff asks that Attorney Scott

---

²Reaves v. Dickens, et al, 3:22-cv-0318-TLW-TER; Reaves v. Crews, 3:22-cv-0856-TLW-TER; Reaves v. Keel, et al, 4:22-cv-1023-TLW-TER; Reaves v. The Wilcox Law Firm, et al, 4:22-cv-1024-TLW-TER; Reaves v. Wilkerson, et al, 4:22-cv-1077-TLW-TER; Reaves v. Davidson, et al, 4:22-cv-1142-TLW-TER.

³Plaintiff also named the Marlboro County Detention Center as a Defendant, but a Stipulation of Dismissal (ECF No. 46) was filed as to this Defendant on March 18, 2022.

Kozacki, who represents Defendant South Carolina Law Enforcement Division in this and other actions, be penalized for lying to the federal courts pursuant to 18 U.S.C. § 1621 and 18 U.S.C. § 1623. The Supreme Court consistently holds that "a bare criminal statute," with no indication of civil enforcement, does not give rise to a private cause of action. See Cort v. Ash, 422 U.S. 66, 80 (1975); see also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone..."). Accordingly, district courts within the Fourth Circuit have consistently held that § 1621 and § 1623 do not give rise to a private right of action. See Holman v. Stefano, 2010 WL 3814589, at *6 (D.S.C. Mar. 1, 2010), report and recommendation adopted sub nom. Holman v. Wooten, 2010 WL 3895684 (D.S.C. Sept. 30, 2010) (dismissing pro se plaintiff's claims under § 1623 and other criminal statutes because she had failed to show that she a private cause of action under statutes); Brown v. United States, 2019 WL 3753193, at *6 (E.D.N.C. May 10, 2019), report and recommendation adopted, 2019 WL 3783271 (E.D.N.C. Aug. 12, 2019) (recognizing that the criminal statute for perjury does not give rise to a private cause of action); Atiemo v. Proctor, 2016 WL 7012300, at *1 (D. Md. Dec. 1, 2016) (holding that a complaint alleging violations under Sections 1621 and 1623 cannot be sustained as a matter of law). Accordingly, this motion is **DENIED**.

- **Motion for Criminal Prosecution (ECF No. 21);**

Here, Plaintiff seeks criminal prosecution of "all parties listed herein" for violations of numerous criminal statutes: 18 USC § 1031, 18 USC § 371, 18 USC § 241, 18 USC § 242, 18 USC § 1001, 18 USC § 1002, and 18 USC § 1031. First, it is not entirely clear against whom Plaintiff seeks criminal prosecution, but presumably she means every individual mentioned within the ten pages of the motion. The majority of those mentioned within the motion are not parties to this

action. Further, even if the named individuals have violated the criminal statutes listed by Plaintiff, none of the statutes provides a private right of action or civil remedies. See Doe v. Broderick, 225 F.3d 440, 448 (4th Cir. 2000) (stating that "criminal statutes do not ordinarily create individual rights" and that they "express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation" (citations omitted)). "'[T]he Supreme Court has been unwilling to treat criminal laws as implying private entitlements . . . and has held that the victims of crime therefore lack any legal right to compel a criminal prosecution.'" Id. (quoting Chapa v. Adams, 168 F.3d 1036, 1037–38 (7th Cir.), cert. denied, 528 U.S. 839, 120 S.Ct. 104, 145 L.Ed.2d 88 (1999). Therefore, this motion is **DENIED**.

- **Motion for Summary Judgment Against Defendants Mark Keel, Scott Wilkerson, Tommy Crosby, Charles M. Dickens (ECF No. 24);**

Of the individuals named in this motion, only Charles M. Dickens is a Defendant in this action. Further, summary judgment pursuant to Federal Rule of Civil Procedure 56 is premature at this stage of the litigation as discovery has not yet begun. Therefore, this motion is **DENIED** with leave to refile at the close of discovery against the proper parties. A scheduling order in entered herewith.

- **Motion for Back Pay Against Defendants Xerona Thomas, Selena Blankenship, and Clarke County School District (ECF No. 25);**

- **Motion for Back Pay Against Defendants Morcease Beasley and Clayton County Schools (ECF No. 26);**

- **Motion for Back Pay Against Defendants Molly Spearman, Mary Hipp, Kathryn Crews, Cathy Hazelwood, and SC State Ed (ECF No. 31);**

- **Motion for Disbursements Against Defendants Morcease Beasley, Thomas Traywick, Jr., Jamie Wilson, and Wendy Edwards (ECF No. 29);**

- **Motion for Payout of $1,000 Covid Teacher Bonus Money (ECF No. 51);**

The individuals named in these motions are not Defendants in this action. Further, this action alleges claims for false arrest and imprisonment, malicious prosecution, and defamation arising from the November 19, 2021, arrest. It makes no allegations regarding any collateral consequences to Plaintiff's teaching profession. That issue is raised in other actions pending before this court. These motions are not properly before the court in this action and are, therefore, **DENIED**.

- **Motion to Show Cause as to Defendants Kevin Schwedo, SCDMV, Mark Keel, and Charles M. Dickens (ECF No. 27);**

- **Motion to Show Cause as to Defendants J. Ron Munnerlyn, Kevin Schwedo, Robert Woods, IV, Mark Keel, Charles M. Dickens, Christopher Williamson, and Jo-Nathan Nell (ECF No. 28);**

In these motions, Plaintiff asks that named individuals be required to show cause why they should not be held in violation of the Fourteenth Amendment Due Process for failing to provide discovery requested by her in a case pending before the Marlboro County Magistrate Court arising out of the November 19, 2021, traffic violations. She asks that these named individuals be ordered to respond to her requested discovery. As an initial matter, Kevin Schwedo Mark Keel, J. Ron Munnerlyn, Robert Woods, IV, Christopher Williamson, and Jo-Nathan Nell are not parties to this action. Further, it is not within this court's purview to order individuals to act in other matters pending in other courts. This is a matter more properly raised in the court in which the action is pending. Accordingly, these motions are **DENIED.**

- **Motion for Disbursements Against All SC Defendants (ECF No. 30);**

In this motion, Plaintiff asks the court to order "all South Carolina" Defendants to pay her $100,000 per defendant for the violation of her due process rights." Plaintiff has not alleged a due process violation in the complaint before the court in this action. Even if her complaint could be read

as alleging a due process claim, the relief requested in this motion is not proper at this juncture as it requires an adjudication of the merits of Plaintiff's claims. Therefore, this motion is **DENIED**.

- **Motion for Sanctions and Federal Protective Order (ECF No. 67);**

Here, Plaintiff seeks sanctions and a "federal protective order" against "Warden Kevin Thomas, Interim Sheriff Larry McNiell, Arresting Officer Charles M. Dickens, SLED Director Mark Keel, IT Director for SLED Scott Wilkerson, Marlboro County Manager J. Ron Munnerlyn for habitual violation of February 20, 2022, do not respond order." As an initial matter, of those individuals named in this motion, only Charles M. Dickens is a party to this action. Further, on February 15, 2022, **only** in No. 4:22-cv-00318-TLW-TER, the court entered an order stating that service has not been authorized and summons not issued by the Clerk: "It is not necessary for Defendants to answer or otherwise respond until further direction from the Court. Service has not yet been authorized and no summons(es) have been issued by the Clerk under the Clerk's seal to date." Plaintiff continued to file Certificates of Service after the court issued its order. No motions or answers have been filed in 4:22-cv-00318-TLW-TER by representatives of defendants. Defendants filed limited notices of appearances with the court for the purposes of receiving e-filings related to the matter and asserted they did not waive service of process and had not been properly served. Plaintiff's assertion that any parties have violated the court's order is without merit, and this motion is **DENIED**.

- **Motion for Gag Order Against South Carolina Law Enforcement Division, Mark Keel, Scott Wilkerson, J. Scott Kozacki, and Melinda Hargrove (ECF No. 74).**

In this motion, Plaintiff seeks a "gag order" against SLED, Mark Keel, Scott Wilkerson, J. Scott Kozacki, and Melinda Hargrove to prevent them from continuing to make filings in Plaintiff's cases currently pending before this court. As an initial matter, of those individuals named in this

motion, only Charles M. Dickens and SLED are parties to this action. In addition, defendants are required by the Federal Rules of Civil Procedure to serve pro se Plaintiff with all filings and are doing the same. Plaintiff has filed a plethora of filings in her– at the very least, seven— pending actions and she cannot expect or require Defendants not to respond. Accordingly, this motion is **DENIED**.

Plaintiff has made a multitude of repetitive and frivolous filings in this action as well as the other numerous cases currently pending before the court. As discussed above, none of the relief sought in the motions discussed herein is appropriate. Plaintiff should refer to the Federal Rules of Civil Procedure and thoroughly research any federal statutes upon which she intends to rely prior to making any further filings. In addition, Plaintiff would do well to re-familiarize herself with the cases she currently has pending before the court to ensure that she is making filings in the appropriate case before submitting them to the court. Plaintiff's repetitious and frivolous filings are nearing a waste of limited judicial resources and Plaintiff may be sanctioned in the future if the course of malicious and/or frivolous litigation continues.[4]

Accordingly, the motions discussed herein, ECF Nos. 20, 21, 24, 25, 26, 27, 28, 29, 30, 31, 51, 67, and 74, are **DENIED**.

**IT IS SO ORDERED.**

                        s/THomas E. Rogers, IIII
                        Thomas E. Rogers, III
                        United States Magistrate Judge

April 14, 2022
Florence, South Carolina

---

[4] In order for the court to impose sanctions <u>sua sponte</u> under Rule 11, a party must be given notice that sanctions are being considered. Fed. R. Civ. P. 11(c)(1)(B). Accordingly, Plaintiff is hereby advised that Rule 11 sanctions will be considered in the future.