UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kathy Reaves, *a/k/a Kathy Juanita Reaves* <br><br> PLAINTIFF <br><br> v. <br><br> Cpl. Charles M. Dickens, *individually*, South Carolina Highway Patrol, South Carolina Law Enforcement Division, South Carolina Department of Motor Vehicles, South Carolina Department of Public Safety, Marlboro County Detention Center, and the County of Marlboro, <br><br> DEFENDANTS | Case No. 4:22-cv-0639-TLW <br><br><br> **ORDER** |

Plaintiff Kathy Reaves, proceeding *pro se* and *in forma pauperis*, filed this civil action on February 4, 2022, against Cpl. Charles M. Dickens, *individually*, South Carolina Highway Patrol ("SCHP"), South Carolina Law Enforcement Division ("SCED"), South Carolina Department of Motor Vehicles ("SCDMV"), South Carolina Department of Public Safety ("SCDPS"), Marlboro County Detention Center ("MCDC"), and the County of Marlboro (collectively "Defendants").[1] ECF No. 1–1. In her complaint, seeks relief for (1) violations of the South Carolina Tort Claims Act, S.C. Code § 15–78–10, (2) violation of her rights secured by 42 U.S.C. §§ 1983 & 1988, and (3) her Fourth and Fourteenth Amendment rights. *Id.* Plaintiff initially filed this

---

[1] This is one of thirteen lawsuits filed by Plaintiff against the same, or most of the same, defendants in each case. The claims in each case arise out of the same set of alleged facts, and ten of these cases have previously been dismissed by this Court.

action in state court; however, it was removed by Defendants to this court pursuant to 28 U.S.C. §§ 1331, 1367, & 1441 on the basis of both federal question and supplemental jurisdiction. *Id.*

Defendants Dickens, SLED, SCDPS, SCHP, and the County of Marlboro have all filed motions to dismiss Plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(5) for lack of personal service. ECF Nos. 10, 36, & 40. Defendant SCDMV has filed a motion for summary judgment on the grounds that (1) it is immune from suit under the Eleventh Amendment, (2) Plaintiff cannot establish a claim for violation of her rights under 42 U.S.C. § 1983, (3) Plaintiff's state law claims fail as a matter of law, and (4) that this action should be dismissed for failure to prosecute. ECF No. 125–1. These motions were referred to the Honorable Thomas E. Rogers, III, United States Magistrate Judge, for review pursuant to 28 U.S.C. § 36b(b)(1)(B). The magistrate judge filed a Report and Recommendation ("Report"), ECF No. 143, recommending that this Court grant the motions to dismiss, grant SCDMV's motion for summary judgment, and remand this case to the Court of Common Pleas for Marlboro County for consideration of Plaintiff's remaining state law claims against SCDMV. ECF No. 143.

The matter now comes before the Court for review of the Report filed by the magistrate judge. The Court is charged with conducting a *de novo* review of any portion of the magistrate judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In conducting its review, the Court applies the

following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). Plaintiff has not filed objections to the Report.

As to the substance of the Report, the magistrate judge first recommends that Defendants Dickens, SLED, SCDPS, SCHP, and the County of Marlboro's motions to dismiss be granted because Plaintiff has failed to properly serve these individuals and entities. *Id.* at 3–7. In support of this, the magistrate judge thoroughly walks through Plaintiff's efforts to serve these defendants and how her attempts have not effectuated proper service under the relevant statutes. *Id.* Further, the Report notes that Plaintiff has only responded to SLED's motion to dismiss. *Id.* at 6. In this response, Plaintiff does not address SLED's arguments relating to her improper service. *Id.* Rather, she asserts that this action was improperly removed and docketed. *Id.* "Thus, she has failed to acknowledge any failures on her part with respect to service or seek leave of the court to correct those failures. Accordingly, [the magistrate judge recommends that] dismissal of these parties without prejudice is

appropriate." *Id.* at 7.

Next, the Report recommends granting SCDMV's motion for summary judgment with regard to Plaintiff's claim for constitutional violations under § 1983 and remanding Plaintiff's remaining state law claims back to state court. ECF No. 7–11. With regard to Plaintiff's § 1983 claim, the magistrate judge found that Plaintiff could not maintain her claim because § 1983 claims can only be brought against *persons* acting under color od state law. *Id.* at 10. The SCDMV, on the other hand, "is not a 'person' under § 1983, and, thus is not amendable to suit thereunder." *Id.* (citations omitted). Accordingly, the magistrate judge recommends summary judgment on this claim. The Court agrees and concludes that an agency, like the SCDMV, is not a 'person' subject to suit under § 1983.

In light of this conclusion, the magistrate judge further recommends remanding Plaintiff's state law claims by declining to retain supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Plaintiff's remaining causes of actions are brought under either state common law or statutory law. Thus, there are no issues of federal policy involved or implicated in the remaining claims. *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (In determining whether to retain jurisdiction, courts consider "the convenience and fairness to the parties, existence of any underlying issues of federal policy, comity, and consideration of judicial economy."). Accordingly, in the interest of comity, this Court will accept the magistrate judge's recommendation and decline to further exercise supplemental jurisdiction over the remaining state law claims. Therefore, Plaintiff's remaining state law claims against

the SCDMV will be remanded to the Court of Common Pleas of Marlboro County, South Carolina.

The Court has reviewed the Report in accordance with the standard set forth in *Wallace*. It has also carefully reviewed Defendants' motions, Plaintiff's response to SLED's motion to dismiss, and other relevant filings. For the reasons stated by the magistrate judge, the Report, ECF No. 143, is **ACCEPTED**. Defendants Dickens, SLED, SCDPS, SCHP, and the County of Marlboro's motions to dismiss, ECF Nos. 10, 36, & 40, are **GRANTED**, and Plaintiff's claims against them are **DISMISSED WITHOUT PREJUDICE**. Defendant SCDMV's motion for summary judgment is **GRANTED** with regard to Plaintiff's federal claims. Finally, the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Defendant SCDMV. These claims are **REMANDED** to the Marlboro County Court of Common Pleas. A certified copy of this Order of remand shall be mailed by the Clerk of this Court to the Clerk of the Court of Common Pleas, Marlboro County, Fourth Judicial Circuit of South Carolina.

**IT IS SO ORDERED.**

*s/Terry L. Wooten*<br>Senior United States District Judge

February 17, 2023
Columbia, South Carolina